UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARLINE CURRY, | ) | Case No.: 1:24 CV 331 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| CITY OF MANSFIELD, et al., | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendants. | ) | |

Defendants' Motion to Dismiss (Doc. No. 6) is before the Court. Carline Curry brings this action *pro se* against the City of Mansfield and various employees of the City of Mansfield claiming they failed to hire her for jobs for which she was qualified. She lists claims under 42 U.S.C. §§ 1981, 1983, and 2000e, as well as claims for discrimination, slander, libel, defamation of character, perjury, subornation of perjury, and deprivation of civil rights. Defendants contend the Complaint contains no factual context for any of the listed claims. They assert that the Complaint fails to state a claim upon which relief may be granted and should be dismissed.

**Background**

Plaintiff's Complaint is devoid of factual allegations. She states that the judges failed to follow court rules, cannon laws and codes of ethics when they classified her as a vexatious litigator. (Doc. No. 1 at PageID #: 3). She states that the City failed to hire her for jobs for which she was qualified. (Doc. No. 1 at PageID #: 3). She states that the Ohio Environmental Protection Agency

issued an annual inspection report of the Pretreatment Program that suggested she was performing her job adequately. She contends therefore that the City's failure to provide her with opportunities was "discrimination/retaliation in violation of 42 U.S.C. § 1983...42 U.S.C. § 2000e2 unlawful employment practices and 42 U.S.C. § 2000e3...because I participated in a protected activity." (Doc. No. 1 at PageID #: 6). She provides no explanation of this statement. The remainder of the pleading consists solely of excerpts of statutes and Ohio Civil Procedure Rules. Plaintiff provides no factual context for any of her statements or citations.

**Motion to Dismiss Standard**

In deciding a Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted, the Court must determine the legal sufficiency of the Plaintiff's claim. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir.1993). *See also, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (clarifying the legal standard for a Rule 12(b)(6) Motion to Dismiss); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (same).

When determining whether a Plaintiff has stated a claim upon which relief may be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations to be true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A Plaintiff is not required to prove, beyond a doubt, that the factual allegations in the Complaint entitle her to relief, but must demonstrate that the "[f]actual allegations [are] enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true." *Id*. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

The Supreme Court in *Iqbal* clarified the plausibility standard outlined in *Twombly* by stating that "[a] claim has facial plausibility when the Plaintiff pleads content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Additionally, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. Making this determination is "a context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*. For this analysis, a Court may look beyond the allegations contained in the Complaint to exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment. FED.R.CIV.P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir.1997).

In addition, district courts are permitted to conduct a limited screening procedure pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (per curiam) and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir.1990).

## Discussion

Plaintiff's Complaint fails to state a claim upon which relief may be granted. Federal Civil Procedure Rule 8 requires a Plaintiff to submit a short, plain and concise statement of her claims and

relief. To meet the minimum notice pleading requirements of Rule 8, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). This Complaint does not contain factual allegations to support any of the legal claims listed in the pleading. These causes of action are stated solely as legal conclusions. Legal conclusions alone are not sufficient to state a claim and do not meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678. Defendants' Motion to Dismiss (Doc. No. 6) is granted.

Judge Phillip Naumoff and Judge Brent Robinson did not join the Motion to Dismiss. In fact, there is no indication on the docket that Plaintiff completed service of the Complaint on these Defendants. Nevertheless, the reasons supporting dismissal of the action against the other Defendants under Federal Civil Procedure Rule 12(b)(6), also support dismissal of the action against Judge Naumoff and Judge Robinson under the standard set forth in *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999). They also are dismissed from this action.

Furthermore, the Court takes notice that this is Plaintiff's twelfth action in this federal court against the City of Mansfield and its employees regarding her employment with the City. *See Curry v. City of Mansfield*, No. 1:21 CV 1572 (N.D. Ohio Nov. 22, 2021)(Nugent, J.); *Curry v. Theaker*, No. 1:21 CV 1455 (N.D. Ohio Jan. 11, 2022)((Gaughan, J.); *Curry v. City of Mansfield*, No. 1:14 CV 177 (N.D. Ohio Feb. 11, 2014)(Gaughan, J.) *Curry v. City of Mansfield*, No. 1:12 CV 2887 (N.D. Ohio Jan. 25, 2013)(Dowd, J.); *Curry v. Berger*, No. 1:12 CV 2745 (N.D. Ohio Nov. 27, 2012)(Polster, J.); *Curry v. City of Mansfield*, No. 1:09 CV 287 (N.D. Ohio Apr. 15, 2009)(Gwin, J.); *Curry v. City of Mansfield*, No. 1:11 CV 1171 (N.D. Ohio Sep. 14, 2011);*Curry v. City of Mansfield*, No. 1:10 CV 1743 (N.D. Ohio Oct. 19, 2010)(Boyko, J.); *Curry v. City of Mansfield*, No.

1:09 CV 287 (N.D. Ohio Apr. 15, 2009)(Nugent, J.); *Curry v. City of Mansfield*, No. 1:05 CV 2094 (N.D. Ohio Apr. 5, 2007)(Nugent, J.);*Curry v. Mansfield Trtmnt Plant*, No. 1:96 CV 702 (N.D. Ohio Mar. 31, 1998)(Well, J.). Indeed, it appears that Plaintiff has been filing lawsuits against her former employer in this federal court for over two decades.

In addition, Plaintiff filed at least five lawsuits against the City of Mansfield in the Richland County Court of Common Pleas. *See Curry v. City of Mansfield*, No. 2021 CV 0447 (Richland Ct. Comm. Pl. Nov. 30, 2022); *Curry v. City of Mansfield*, No. 2021 CV 0272 (Richland Ct. Comm. Pl. filed June 3, 2021); *Curry v. City of Mansfield*, No. 2018 CV 0642 (Richland Ct. Comm. Pl. Dec. 11, 2019); *Curry v. City of Mansfield*, No. 2017 CV 0426 (Richland Ct. Comm. Pl. Aug. 22, 2019); *Curry v. City of Mansfield*, No. 2017 CV 0300 (Richland Ct. Comm. Pl. Aug. 22, 2017). In 2021, the Richland County Court of Common Pleas declared Plaintiff to be a vexatious litigant and enjoined her from filing any additional documents or lawsuits without leave of court. *Curry v. City of Mansfield*, No. 2021 CV 0447 (Richland Ct. Comm. Pl. Nov. 30, 2022).

Up to this point, the federal courts in this District have been tolerant of Plaintiff's *pro se* filings; however, there comes a point when we can no longer allow Plaintiff to misuse the judicial system. The filing of frivolous lawsuits and motions strains an already burdened federal judiciary. "Every paper filed with the Clerk of ... Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Our ability to perform our duties is compromised when we are forced to devote limited resources to the processing of repetitious and frivolous filings. *In re Sindram*, 498 U.S. 177, 179-80 (1991).

5

After a careful review of Plaintiff's conduct in this and other cases filed in the Northern District of Ohio and the Richland County Court of Common Pleas, it is apparent that it is necessary to impose some restrictions on Plaintiff's ability to continue on in this manner. She has established a pattern of filing Complaints against the City of Mansfield and its employees which are patently frivolous and vexatious, and which appear calculated to harass the Defendants and abuse the judicial process.

Accordingly, Carline Curry aka Carline M. Curry is permanently enjoined from filing any new lawsuits or other documents in this Court without first seeking and obtaining leave of court from the Chief Judge or the Miscellaneous Duty Judge in accordance with the following:

> 1. She must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document she proposes to file and must attach a copy of this Order to it (any such Motion should be filed in a miscellaneous case).
>
> 2. As an exhibit to any Motion seeking such leave, she must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been raised previously by her in this or any other Court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
> 3. By means of a second exhibit, she must identify and list: (a) the full caption of each and every suit which has been previously filed by her or on her behalf in any court against each and every Defendant in any new suit she wishes to file, and (b) the full caption of each and every suit which she has currently pending.
>
> 4. As a third exhibit to the Motion, she must provide a copy of each Complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The Court may deny any Motion for Leave to File if the proposed document is frivolous, vexatious or harassing. If the Motion is denied, the document shall not be filed. Further, Plaintiff's

failure to comply with the terms of this Order shall be sufficient ground for this Court to deny any Motion for Leave to File, and may be considered an act of contempt for which she may be punished accordingly.

Further, to prevent future harassment by Plaintiff and the waste of this Court's limited resources, the Clerk's Office is hereby ordered as follows:

> (1) Any document submitted by Plaintiff prior to obtaining leave to file shall not be filed unless it is ***specifically identified*** as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.
>
> (2) The Clerk's Office shall not accept any filing fees, cover sheets, *in forma pauperis* applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Plaintiff files, unless and until leave is granted.

Finally, Plaintiff has exhibited a pattern of filing multiple post judgment Motions in each of her dismissed federal cases. She therefore is enjoined from filing any additional documents in this case (with the exception of a Notice of Appeal). This Court will not entertain post judgment Motions in this case, including Motions to Reopen the case, Objections to the Memorandum of Opinion and Order, or Motions for Reconsideration.

**Conclusion**

Accordingly, Defendants' Motion to Dismiss (Doc. No. 6) is granted, and this action is dismissed against all Defendants under Rule 12(b)(6) and *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The Court certifies that an appeal of this decision could not be taken in good faith. In addition, Plaintiff Carline Curry aka Carline M. Curry is permanently enjoined from filing addition documents in this case and enjoined from filing new actions without first obtaining leave of court

as set forth in this Order.  The Court certifies that an appeal from this decision cannot be taken in good faith.

      IT IS SO ORDERED.

                                          */S/ SOLOMON OLIVER, JR.*
                                          SOLOMON OLIVER, JR.
                                          UNITED STATES DISTRICT JUDGE

April 3, 2024